UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JACKIE E. LEWIS, SR. | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CIVIL ACTION NO. |
| ASSET ACCEPTANCE, LLC | ) |
| | ) 3:12CV253 |
| SERVE: CT CORPORATION SYSTEM | ) |
| 4701 Cox Rd., Ste. 301 | ) |
| Richmond, VA 23060 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Jackie E. Lewis, Sr. ("Lewis" or "Plaintiff"), by counsel, and as for his Complaint against the Defendant, he alleges as follows:

1. This is an action for actual, statutory and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1692, et seq. (the Fair Debt Collection Practices Act or "FDCPA") and Virginia common law.

### JURISDICTION

2. Jurisdiction is proper pursuant to 15 U.S.C. § 1692k, 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

### PARTIES

3. Plaintiff is a natural person and at all times relevant hereto was a "consumer" as defined and governed by the FDCPA.

4. Defendant Asset Acceptance, LLC, ("Asset Acceptance"), is a Delaware limited liability company with its principal place of business located in Warren, Michigan. It regularly

collects debts from consumers located across the Commonwealth of Virginia. At all times relevant hereto, Asset Acceptance was a "debt collector" as that term is defined by the FDCPA.

## STATEMENT OF FACTS

5. Defendant Asset Acceptance sued Plaintiff in Mecklenburg County General District Court in an attempt to collect a debt.

6. Thereafter, the Court entered judgment in favor of Asset Acceptance in the amount of $770.79, with 4% interest from June 29, 2004 until paid, and $48.00 in judgment costs.

7. After judgment was entered, Defendant initiated a garnishment action in an attempt to collect the outstanding judgment.

8. Within the one-year period preceding the filing date of this Complaint, the Defendant abused the garnishment process and attempted to collect funds that were not awarded by the Court in the underlying judgment. These actions are prohibited by statute. The Defendant also made misrepresentations in furtherance of its efforts to illegally collect this debt.

9. Upon information and belief, the Defendant's post-judgment collection actions taken with regard to Virginia consumers generally were part of a pattern and practice of attempting to collect amounts in excess of the underlying court judgment in violation of Virginia law. Each such instance that the Defendant submitted a falsified garnishment suggestion constituted a criminal offense, a Class 1 misdemeanor as per Virginia Code §8.01-511, and thus also violated the FDCPA.

10. Additionally, the Defendant placed numerous calls to Plaintiff's place of employment regarding the debt. On each such occasion, Plaintiff informed the caller that he was not allowed to receive personal calls at work. He further told them that if they continued to call

him at work, he would lose his job. Plaintiff repeatedly asked the callers not to call him at work again.

11. Despite Plaintiff's demand that the Defendant stop calling him at work, Defendant continued to make phone calls to Plaintiff's place of employment regarding the debt, which caused him great embarrassment and his eventual termination. Plaintiff lost his job as a direct result of these calls.

12. Defendant's repeated calls to Plaintiff after being informed that his employer did not allow him to receive personal calls at work constituted unethical behavior and were violations of federal law.

13. Defendant also placed multiple calls per week to Plaintiff's home in an attempt to collect the debt. On each such occasion, Plaintiff informed the caller that he was unable to make or enter into a payment plan until he could find a job. On at least one occasion, the caller stated that Plaintiff would continue to receive calls until the debt was paid and hung up. This behavior is a clear indication of Defendant's intent to annoy, abuse, and harass Plaintiff.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692d

14. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

15. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by its actions, which include, but are not limited to, abusing and harassing Plaintiff by placing numerous and repeated calls to his home and stating that it would continue to call him until his debt was resolved.

16. As a result of the actions taken by the Defendant, which include, but are not limited to, its repeated communications to his home with the intent to annoy, abuse, or harass the

person to whom the call was placed, and other violations set forth herein, Plaintiff has experienced actual damages.

17. Plaintiff is therefore entitled to an award of actual and statutory damages against Asset Acceptance well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. § 1692d(1)

18. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

19. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(1) by its actions, which include, but are not limited to, using criminal means to harm the Plaintiff.

20. As a result of these actions taken by Defendant, the Plaintiff has incurred actual damages.

21. Plaintiff is therefore entitled to an award of actual and statutory damages against Asset Acceptance as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THREE:
## VIOLATION OF 15 U.S.C. § 1692e(2)

22. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

23. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2) by its actions, which include, but are not limited to, falsely representing the amount or legal status of a debt owed.

24. As a result of these actions taken by Defendant, which include, but are not limited

to, the collection of amounts that exceeded the underlying judgment and/or which were not authorized by statute, Plaintiff has incurred actual damages.

25. Plaintiff is therefore entitled to an award of actual and statutory damages against Asset Acceptance as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FOUR:
## VIOLATION OF 15 U.S.C. § 1692e(5)

26. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

27. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) by its actions, which include, but are not limited to, threatening to take action that could not legally be taken.

28. As a result of these actions taken by Defendant, the Plaintiff has incurred actual damages.

29. Plaintiff is therefore entitled to an award of actual and statutory damages against Asset Acceptance as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIVE:
## VIOLATION OF 15 U.S.C. § 1692e(10)

30. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

31. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) by its actions, which include, but are not limited to, using false representation as a means to collect a debt.

32. As a result of these actions taken by Defendant the Plaintiff has incurred actual

damages.

33. Plaintiff is therefore entitled to an award of actual and statutory damages against Asset Acceptance as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIX:
## VIOLATION OF 15 U.S.C. § 1692f(1)

34. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

35. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) by its actions, which include, but are not limited to, collection of an amount that is not permitted by law.

36. As a result of these actions taken by Defendant, which include, but are not limited to, the collection of amounts that exceeded the underlying judgment amount and/or which were not authorized by statute, Plaintiff has incurred actual damages.

37. Plaintiff is therefore entitled to an award of actual and statutory damages against Asset Acceptance as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SEVEN:
## TORTIOUS INTERFERENCE WITH EXISITING CONTRACT

38. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

39. The Defendant violated Virginia common law by intentionally interfering with Plaintiff's contractual relationship with his employer. Specifically, the Defendant intentionally interfered with Plaintiff's contractual relationship with his employer by its actions, which include, but are not limited to, continuing to place collection calls to Plaintiff's place of

6

employment after it was informed that Plaintiff would lose his job if Defendant continued to call him at work.

40. As a result of this intentional conduct, Plaintiff was terminated and has incurred actual damages.

41. Plaintiff is therefore entitled to an award of actual and punitive damages against Asset Acceptance.

WHEREFORE, your Plaintiff demands judgment for actual, statutory and punitive damages, attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act and Virginia common law, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**JACKIE E. LEWIS, SR.**

By: /s/ Janelle E. Mason
Of Counsel

MATTHEW J. ERAUSQUIN, VSB#65434
JANELLE E. MASON, VSB#82389
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
matt@clalegal.com
janelle@clalegal.com